# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

HEATHER LYNNE HARTLINE, :

    Plaintiff, :

vs. : CA 21-0452-JB-MU

SOUVENIR CITY, INC., :

    Defendant.

## **REPORT AND RECOMMENDATION**

This *pro se* action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Heather Lynne Hartline's failure to prosecute and comply with the Court's orders dated and entered October 14, 2021 (Docs. 3 & 4) and November 15, 2021 (Doc. 5).

On October 13, 2021, Heather Lynne Hartline filed a form discrimination complaint in this Court, alleging disability discrimination and discrimination on account of her age. (*See* Doc. 1). The following day, Ms. Hartline filed a motion to proceed without prepayment of fees. (*See* Doc. 2). That same day, October 14, 2021, the undersigned entered two orders. (*See* Docs. 3 & 4). In the first order, the undersigned denied Plaintiff's motion to proceed without prepayment of fees and ordered her to file another *in forma pauperis* motion or to pay the $402.00 filing fee by October 29, 2021. (Doc. 3, PageID. 12-14). In the second order, the undersigned ordered Plaintiff, by not later than October 29, 2021, to file a copy of the right-to-sue letter related to Souvenir

City, Inc that she said she received from the EEOC on July 16, 2021. (Doc. 4, PageID. 15). Both orders warned Hartline that any "[f]ailure to comply with this Order within the required time will result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's Order." (*Compare* Doc. 3., PageID. 14 *with* Doc. 4, PageID. 16).

Hartline did not file a new motion to proceed without prepayment of fees (or paid the filing fee), nor did she provide this Court with a copy of her right-to-sue letter, by the October 29, 2021 due date (*see* Docket Sheet); however, on November 12, 2021, Hartline called and informed a docketing clerk in the Clerk's Office that she had misplaced/lost her copies of the Court's Orders (Docs. 3 & 4) entered on October 14, 2021 (*see* Docket Sheet Entry for November 12, 2021). Accordingly, the undersigned construed the contents of Plaintiff's conversation with the Clerk's Office as containing an implicit (albeit untimely) request for an extension of time to comply with the October 14, 2021 Orders, granted that implicit request, and ordered Hartline "to file a new motion to proceed without prepayment of fees (or pay the filing fee) and a copy of her right-to-sue letter now by not later than **November 29, 2021.**" (Doc. 5, PageID. 17-18). In that Order, the undersigned again cautioned Plaintiff that "her failure to comply with this Order within the required time will result in the dismissal of this action without prejudice for failure to prosecute and to comply with the Court's Order." (*Id.,* PageID. 18). To date, Plaintiff has not complied with any of the Orders entered by the undersigned, instructing her to file a new IFP motion (or pay the filing fee) and a copy of her right-to-sue letter. (*See generally* Docs. 3-5).

An action may be dismissed if a plaintiff fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In truth, Hartline did not directly respond to the Court's Orders dated and entered on October 14, 2021, instructing her to file a new motion to proceed without prepayment of fees (or pay the filing fee) and a copy of her right-to-sue letter by not later than October 29, 2021 (*compare* Docket Sheet *with* Docs. 3 & 4); instead, almost two weeks after the deadline, Plaintiff simply called the Clerk's Office and advised that she had lost her copies of the Court's October 14, 2021 Orders. In light of Plaintiff's *pro se* status, the undersigned broadly construed Hartline's conversation with the Clerk's Office as containing a request for additional time to comply with those orders and the undersigned granted that implicit request, ordering Plaintiff to provide the requested information by not later than November 29, 2021. Despite this leniency, Hartline has still not complied with the contents of this Court's Orders instructing her to file a new motion

to proceed without prepayment of fees (or pay the filing fee) and a copy of her right-to-sue letter (*see* Docs. 3-5). Therefore, it is recommended that Hartline's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by complying with this Court's lawful orders dated and entered on October 14, 2021 and November 15, 2021.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

the Magistrate Judge is not specific.

**DONE** this the 1st day of December, 2021.

                                                           s/P. Bradley Murray
                                         **UNITED STATES MAGISTRATE JUDGE**